# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:07cr211

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **MICHAEL D. PAHUTSKI,** | ) | |
| **VICTORIA L. SPROUSE,** | ) | |
| **R. MICHAEL GEE,** | ) | |
| **GREGORY A. MASCARO,** | ) | |
| **GREGORY D. RANKIN, a/k/a** | ) | |
| **"Dee," and** | ) | |
| **JULES A. SPRINGS, a/k/a** | ) | |
| **"Anthony Springs."** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court *sua sponte* to continue the trial of

this case from the April 2008 term of court.

On August 29, 2007, Defendant Pahutski was charged with

conspiracy to commit mail, wire and bank fraud, in violation of 18 U.S.C.

§1349; conspiracy to commit money laundering, in violation of 18 U.S.C.

§1956(h); and money laundering, in violation of 18 U.S.C. §1957. [Doc. 3].

On November 16, 2007, a superseding bill of indictment was filed against

Defendant Pahutski and Defendant Sprouse which added substantive

charges of mail fraud, aiding and abetting the same, in violation of 18

U.S.C. §§2 & 1341; false statements to a banking institution, aiding and

abetting the same, in violation of 18 U.S.C. §§2 & 1014; two substantive

charges of promoting money laundering, aiding and abetting the same, in

violation of 18 U.S.C. §§2 & 1956; and charges of perjury and obstruction

of justice as to Defendant Sprouse, in violation of 18 U.S.C. §§1623 &

1503. [Doc. 10].

On March 20, 2008, the Government filed its Second Superseding

Bill of Indictment which added new charges (conspiracy to defraud, in

violation of 18 U.S.C. §371; obstruction of justice, in violation of 18 U.S.C.

§1512; and obstruction of justice, in violation of 18 U.S.C. §1519) and four

new Defendants (Gee, Mascara, Rankin and Springs).   [Doc. 27].  As to

each of the four new Defendants, "[u]nless the defendant consents in

writing to the contrary, the trial shall not commence less than thirty days

from the date on which the defendant first appears through counsel or

expressly waives counsel and elects to proceed pro se."  18 U.S.C.

§3161(c)(2).  The newly added Defendants here have not so consented

and thus, their trial may not start less than thirty days from their

appearance with counsel.

In addition, because the Second Superseding Bill of Indictment added new charges to an already complicated case, the Court finds that without a continuance, counsel for all six of the Defendants would not have the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. §3161(h)(8)(B)(iv).

A failure to continue the case would also deny counsel for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  Id.

In addition, since none of the parties is in a position to adequately evaluate the propriety of entering into plea agreements, a continuance is necessary to avoid a miscarriage of justice.  18 U.S.C. §3161(h)(8)(B)(i).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial.  18 U.S.C. §3161(h)(8)(A).

**IT IS, THEREFORE, ORDERED** that this case is hereby continued from the April 2008 term of court.

Signed: April 11, 2008

Martin Reidinger
United States District Judge