**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**CRIMINAL CASE NO. 3:07cr211**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **Michael D. Pahutski,** | ) | |
| **Victoria L. Sprouse,** | ) | |
| **R. Michael Gee,** | ) | |
| **Gregory D. Rankin,** | ) | |
| **Jules A. Springs.** | ) | |
| | ) | |

   **THIS MATTER** is before the Court on the Motions to Extend Time to File

Pretrial Motions of Defendants Gee, Sprouse and Springs [Doc. 70, 71 and

72], the Motion to Continue of Defendant Rankin [Doc. 77], and pursuant to the

request for a pre-emptory trial setting orally made in the pre-trial conference

before the Magistrate Judge.  This matter currently appears on the trial

schedule for the jury term beginning June 9, 2008.

   This matter presents allegations of a complex mortgage fraud scheme

involving mail fraud, wire fraud, securities fraud and money laundering.  The

Second Superceding Indictment (current indictment), handed down on March

20, 2008, asserts thirty-three counts. There are five remaining defendants. The attorney for one of these defendants was only recently appointed on May 5, 2008. The current discovery in this matter is represented to the Court to consist of some approximately eighty-five banker boxes of documents. It is anticipated by the parties that complex and extensive pre-trial motions will be forthcoming.

The Magistrate Judge has conducted two Pre-Trial conferences with the parties, and from those conferences it appears that all Defendants as well as the Government, are of the opinion that all of the factors recited above will, even with the exercise of all reasonable diligence by counsel, necessitate a longer than ordinary period for investigation and review of discovery materials, and for the presentation and briefing of pre-trial motions.

Given the recent appointment and appearance in the case of counsel for Defendant Rankin, the Court finds that counsel would not have an adequate opportunity to prepare for trial, taking into account the exercise of due diligence. The Court therefore finds that a failure to grant the continuance from the June 9, 2008 Term "would unreasonably deny the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," 18 U.S.C. § 3161(h)(8)(B)(iv), and thus the ends

of justice served by the granting of the continuance sought by Defendant Rankin outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §3161(h)(8)(A).

Having decided to grant the motion to continue of Defendant Rankin, the Court will also continue the trial of this matter as to all Defendants. The Court notes that the time allotted under the Speedy Trial Act has not run as to any individual Defendant. All Defendants are joined for the purposes of trial. No motion for severance has been made or granted. As such, 18 U.S.C. §3161(h)(7) allows that the trial of all Defendants should be continued along with the trial of Defendant Rankin.

Having decided to continue this matter, the Court finds and concludes that the ends of justice would be served by entering a schedule for the further conduct of this case that would allow the Defendants and the Government an adequate time to prepare while still bringing the matter to trial in as expeditious a manner as would be reasonable under all the circumstances of this case. While the Court certainly has an interest in the orderly and expeditious administration of justice, see United States v. Gallop, 838 F.2d 105, 108 (4th Cir.), cert. denied, 487 U.S. 1211, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988), the Court will not arbitrarily "insist[] upon expeditiousness in the face of a justifiable

request for delay...." Morris v. Slappy, 461 U.S. 1, 11-12, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983) (quoting Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964)). In light of the extensiveness and complexity of the discovery and the issues, the Court finds and concludes that if the Court allows the parties until October 15, 2008, within which to file all pre-trial motions, this would allow for the parties to adequately prepare and review the discovery, and to evaluate any potential plea agreements. Though this period of time is longer than the ordinary, it is necessary to avoid a miscarriage of justice in this matter. 18 U.S.C. §3161(h)(8)(B)(I).

The Court also finds and concludes that allowing the parties a pre-emptory setting for this case would allow for proper preparation for a trial as complex as is expected herein, and thus the ends of justice would be served by granting a pre-emptory setting. In order to allow the parties the opportunity for the adequate briefing and argument of the pre-trial motions so as to avoid a miscarriage of justice, and also to allow the parties adequate time for preparation for trial after the resolution of such motions, the Court finds and concludes that it is reasonable to allow a period of five months between the pre-trial motions deadline and the pre-emptory trial setting. The period of time during which the motions are pending would be excludable under 18 U.S.C.

§3161(h)(1)(F), and the period between the ruling on the motions and the trial would be excludable under 18 U.S.C. §3161(h)(8)(B)(iv), as the same would be a "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id.  For these reasons, the Court will give this matter a pre-emptory setting for trial, with a specific trial date to be named later, but which date will be in either February or March 2009.

The Court finds and concludes that the schedule set forth herein allows "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," 18 U.S.C. §3161(h)(8)(B)(iv), and that the ends of justice served by allowing this schedule outweigh the best interests of the public and the defendants in a speedy trial.  18 U.S.C. §3161(h)(8)(A).

By consenting to this Order, the parties are agreeing to the relief set forth herein, and are also stipulating to the factual findings and conclusions which form the basis for that relief, and waive any objection to such findings and conclusions, including any objection based upon any individual Defendant's rights provided under the Speedy Trial Act.

IT IS THEREFORE ORDERED that the Motion to Continue of Defendant Rankin [Doc. 77] is GRANTED and this matter is continued from the June 9, 2008 Trial Term.

IT IS FURTHER ORDERED that the Motions to Extend Time to File Pretrial Motions of Defendants Gee, Sprouse and Springs [Doc. 70, 71 and 72] are GRANTED, and the motions deadline is extended to October 15, 2008.

IT IS FURTHER ORDERED that this matter is pre-emptorily set for trial, with a specific date to be named later, but which date will be in either February or March 2009.

Signed: June 6, 2008

Martin Reidinger
United States District Judge

CONSENTED TO:

_____

**Matthew T. Martens**
U.S. Attorney's Office
227 W. Trade St.
1700 Carillon
Charlotte, NC 28202
Attorney for Plaintiff United States of America



_____

**Scott Hadden Gsell**
Law Office of Scott Gsell
212 South Tryon Street
Suite 1360
Charlotte, NC 28281

Attorney for Defendant Michael D. Pahutski



_____

**Peter Crane Anderson**
Anderson Terpening, PLLC
409 East Blvd.
Charlotte, NC 28203
Attorney for Defendant Victoria L. Sprouse

CONSENTED TO:

_____

**Matthew T. Martens**
U.S. Attorney's Office
227 W. Trade St.
1700 Carillon
Charlotte, NC 28202
Attorney for Plaintiff United States of America

_____ 6/6/08

**Scott Hadden Gsell**
Law Office of Scott Gsell
212 South Tryon Street
Suite 1360
Charlotte, NC 28281
Attorney for Defendant Michael D. Pahutski

_____

**Peter Crane Anderson**
Anderson Terpening, PLLC
409 East Blvd.
Charlotte, NC 28203
Attorney for Defendant Victoria L. Sprouse

CONSENTED TO:

---

**Matthew T. Martens**
U.S. Attorney's Office
227 W. Trade St.
1700 Carillon
Charlotte, NC 28202
Attorney for Plaintiff United States of America

---

**Scott Hadden Gsell**
Law Office of Scott Gsell
212 South Tryon Street
Suite 1360
Charlotte, NC 28281

Attorney for Defendant Michael D. Pahutski

---

**Peter Crane Anderson**
Anderson Terpening, PLLC
409 East Blvd.
Charlotte, NC 28203
Attorney for Defendant Victoria L. Sprouse

**E. Fitzgerald Parnell, III**
Poyner & Spruill
One Wachovia Center, Suite 2300
301 College Street
Charlotte, NC 28202

Attorney for Defendant R. Michael Gee

**Richard Stanley Glaser, Jr.**
Three Wachovia Center
401 South Tryon St.
Suite 3000
Charlotte, NC 28202

Attorney for Defendant Gregory A. Mascaro

**Mark Patrick Foster, Jr.**
Nixon, Park, Gronquist & Foster, PLLC
101 N. McDowell Street, Suite 126
Charlotte, NC 28204

Attorney for Defendant Gregory D. Rankin

**Richard Deke Falls**
Barnett and Falls
130-C N McDowell St
Charlotte, NC 28204

Attorney for Defendant Jules A. Springs

**E. Fitzgerald Parnell, III**
Poyner & Spruill
One Wachovia Center, Suite 2300
301 College Street
Charlotte, NC 28202

Attorney for Defendant R. Michael Gee

**Richard Stanley Glaser, Jr.**
Three Wachovia Center
401 South Tryon St.
Suite 3000
Charlotte, NC 28202

Attorney for Defendant Gregory A. Mascaro

**Mark Patrick Foster, Jr.**
Nixon, Park, Gronquist & Foster, PLLC
101 N. McDowell Street, Suite 126
Charlotte, NC 28204

Attorney for Defendant Gregory D. Rankin

**Richard Deke Falls**
Barnett and Falls
130-C N McDowell St
Charlotte, NC 28204

Attorney for Defendant Jules A. Springs

**E. Fitzgerald Parnell, III**
Poyner & Spruill
One Wachovia Center, Suite 2300
301 College Street
Charlotte, NC 28202

Attorney for Defendant R. Michael Gee

**Richard Stanley Glaser, Jr.**
Three Wachovia Center
401 South Tryon St.
Suite 3000
Charlotte, NC 28202

Attorney for Defendant Gregory A. Mascaro

**Mark Patrick Foster, Jr.**
Nixon, Park, Gronquist & Foster, PLLC
101 N. McDowell Street, Suite 126
Charlotte, NC 28204

Attorney for Defendant Gregory D. Rankin

**Richard Deke Falls**
Barnett and Falls
130-C N McDowell St
Charlotte, NC 28204

Attorney for Defendant Jules A. Springs

8

**E. Fitzgerald Parnell, III**
Poyner & Spruill
One Wachovia Center, Suite 2300
301 College Street
Charlotte, NC 28202

Attorney for Defendant R. Michael Gee

**Richard Stanley Glaser, Jr.**
Three Wachovia Center
401 South Tryon St.
Suite 3000
Charlotte, NC 28202

Attorney for Defendant Gregory A. Mascaro

**Mark Patrick Foster, Jr.**
Nixon, Park, Gronquist & Foster, PLLC
101 N. McDowell Street, Suite 126
Charlotte, NC 28204

Attorney for Defendant Gregory D. Rankin

**Richard Deke Falls**
Barnett and Falls
130-C N McDowell St
Charlotte, NC 28204

Attorney for Defendant Jules A. Springs

8