# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CRIMINAL CASE NO. 3:07cr211

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| (1) MICHAEL D. PAHUTSKI ) | |
| (2) VICTORIA L. SPROUSE ) | |
| (3) R. MICHAEL GEE ) | |
| ) | |

**THIS MATTER** is before the Court on the Government's Motion for Reconsideration [Doc. 135] and the Motion to Continue [Doc. 136] of Defendant Sprouse, and the Responses of the other Defendants [Docs. 140, 141], and the Government's Reply to the Motion of Defendant Sprouse [Doc. 139].

Scheduling a criminal trial of the complexity of this matter presents serious difficulties for the Court. This is particularly true because the group of defense attorneys who are willing and able to take on such complex maters is small and the number of Assistant United States Attorneys prosecuting such complex matters is likewise small. This limited group of

attorneys on both sides of such cases presents various potential scheduling conflicts with other such cases.  The Court is in the position of having to try to account for such potential scheduling conflicts while still according all criminal defendants involved their rights to a speedy trial.

In this case, counsel for one Defendant has another complex criminal case scheduled for a month before the setting of this case.  Counsel for another Defendant currently has a case pre-emptorily set for some two weeks after the setting in this case.  The lead prosecutor in this matter has another complex case set for six weeks after the setting of this case.  No conflicting cases, however, are scheduled for the same period as is the trial of this case.  It has been asserted that the length of the trial of this case may present additional scheduling difficulties.  If the Court were to attempt to set a schedule that accounts for all of the potential scheduling difficulties and inconveniences of the nature presented herein, the trial of this case may have to be postponed for a year or possibly longer.  As such, the Court concludes that the concerns raised in the filings of the parties regarding the present setting of the trial pertain largely to what would be convenient or less stressful for the attorneys.  While those concerns may be legitimate, and while the Court is interested in reducing

such stress, in the interest of according the Defendants their speedy trial rights the Court concludes that it cannot base its scheduling decisions on such concerns for the attorneys.

As for the potential length of the trial of this matter, the problems raised by the parties can be accommodated by conducting the trial from 8:00 am until 8:00 pm each day, which the Court is prepared to do, if necessary.

For these reasons the Court, in its discretion, determines that the motions seeking for the Court to postpone the trial of this matter from its pre-emptory setting of March 23, 2009, should be denied.

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Reconsideration [Doc. 135] is hereby **DENIED;** and the Motion to Continue [Doc. 136] of Defendant Sprouse is **DENIED;** and this case remains pre-emptorily set for trial beginning March 23, 2009.

**IT IS SO ORDERED.**

Signed: December 29, 2008

Martin Reidinger
United States District Judge