# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO: 3:07-CR-211

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | ORDER |
| (2) VICTORIA SPROUSE. | ) ) ) | |

**THIS MATTER** is before the Court upon Defendant Sprouse's "Motion to Strike Prejudicial Surplusage and Misleading Allegations from the Indictment" filed on January 19, 2009. (Document No. 147). The United States opposes the motion. Having fully considered the record, the Magistrate Judge will **deny** the motion for the following reasons:

Rule 7(c)(1) indicates that the indictment is a written statement of "the essential facts constituting the offense charged" and that a count may allege that the defendant committed the offense "by one or more specified means." Rule 7(d) of the Federal Rules of Criminal Procedure further provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information."

A motion to strike surplusage from an indictment should "be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Williams*, 445 F.3d 724, 733 (4th Cir.2006) (quoting *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir.1998)). "[I]f the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." *United States v. Climatemp, Inc.*, 482 F.Supp. 376, 391 (N.D. Ill.1979).

On November 6, 2008, the Grand Jury returned a Fourth Superceding Indictment ("Indictment"), charging Defendant Sprouse with various offenses, including conspiracy, mail fraud, bank fraud, making false statements to a bank, and money laundering. The charges arise from or relate to several alleged mortgage fraud schemes involving Sprouse and several co-defendants.

Defendant Sprouse contends that certain language in the Indictment should be stricken, specifically that the lawyers "used their law licenses to perpetuate the schemes" and that banks were "victimized." She also objects to a section entitled "Regulatory Provisions." (Document No. 147, p.1). She contends that any references to violations of North Carolina Bar Ethics Rules and the Good Funds Settlement Act should be stricken because they "might be confused with violations of federal law." She alleges that all this language is "prejudicial surplusage" and is misleading.

However, Defendant Sprouse's status as a licensed attorney is relevant to the charged offenses because she allegedly engaged in the mortgage fraud schemes while functioning as a real estate closing attorney. See, e.g., *United States v. Kaplan*, 832 F.2d 676, 683 (1st Cir.1987) (holding that reference to defendant's status as an attorney was proper because his role as an attorney "was central to the scheme"), *cert denied*, 485 U.S. 907 (1988).

Moreover, the subject language cannot fairly be characterized as "inflammatory and prejudicial" in any meaningful way. For example, it is certainly not misleading for the Indictment to indicate that several banks incurred financial losses as a result of the mortgage fraud schemes, and thus, were "victimized." This is precisely what the United States hopes to prove at trial. The United States points out that there is nothing unusual or improper about denominating "victims" as such in an indictment.

Finally, the United States asserts that the inclusion in an indictment of a section accurately explaining complex regulatory schemes is useful, relevant, and permissible. See *United States v.*

*Hartsell*, 127 F.3d 343, 353 (4th Cir. 1997) (finding no abuse of discretion in trial court's denial of motion to strike surplusage because the material was "useful and accurate" and "not prejudicial). With respect to "schemes to defraud" pursuant to 18 U.S.C. § 1346, the United States indicates that the duty of honest services is appropriately defined by reference to state law. The "Regulatory Provisions" section of the Indictment identifies Defendant Sprouse's duty of honest services as a closing agent and attorney. This language in the Indictment is therefore relevant. Defendant Sprouse does not contend that the section is inaccurate in any way. An accurate reference to state rules can hardly be said to be "inflammatory."

Although she contends that violations of state ethics rules or the law governing closing agents "might be confused with violations of federal law," this is very unlikely. The jury will be appropriately instructed on the elements of the relevant federal criminal charges. Juries are presumed to follow their instructions. *United States v. Udeozor*, 515 F.3d 260, 271 (4th Cir.2008) ("[W]e must assume that the jury understood and followed the court's instructions.").

**IT IS THEREFORE ORDERED** that Defendant Sprouse's "Motion to Strike Prejudicial Surplusage and Misleading Allegations from the Indictment" (Document No. 147) is **DENIED**

**SO ORDERED**.

Signed: February 5, 2009

David C. Keesler
United States Magistrate Judge