# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO: 3:07-CR-211

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| (2) VICTORIA SPROUSE, and ) | |
| (3) R. MICHAEL GEE ) | |

**THIS MATTER** is before the Court upon Defendant Gee's "Motion to Sever" (Document No. 100), the "Government's Motion to Sever Counts Against Defendant Sprouse" (Document No. 103), and Defendant Sprouse's "Motion to Sever" (Document No. 146). This matter has been referred to the Magistrate Judge and is ripe for review. Having carefully considered the record and applicable law, the undersigned will **grant** severance of Counts 28-31 (perjury) and Counts 32-34 (obstruction of justice) in the Fourth Superceding Indictment for the following reasons:

The decision to grant or deny severance is within the sound discretion of the trial court. *Zafiro v. United States*, 506 U.S. 534, 538 (1993); *United States v. West*, 877 F.2d 281, 287-88 (4th Cir.), *cert. denied*, 493 U.S. 959 (1989). Rule 8 of the Federal Rules of Criminal Procedure provides:

> **(a) Joinder of Offenses**. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
> **(b) Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Rule 14 of the Federal Rules of Criminal Procedure recognizes that joinder, even when proper under Rule 8, may still prejudice a defendant. Severance is appropriate "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 538; see also, *United States v. Allen*, 491 F.3d 178, 189 (4th Cir. 2007).

The Fourth Superceding Indictment contains 38 counts charging mail fraud, bank fraud, making false statements to a bank, money laundering conspiracy, promotion of money laundering, money laundering, perjury, obstruction of justice, and "mail, wire, and bank fraud conspiracy" involving three defendants. Only Defendant Sprouse is charged in Counts 28-31 (perjury) and Counts 32-34 (obstruction of justice).

The United States requested severance of Counts 35 and 36 in the Third Superceding Indictment, now numbered as Counts 33 and 34 ("obstruction of justice") in the Fourth Superceding Indictment, because "the only feasible means of proving those specific obstruction charges is to try them separately in a trial not involving the substantive mortgage fraud charges." (Document No.103, p.3). The United States points out that "[t]he bulk of the indictment against defendant Sprouse consists of mortgage fraud charges which will be proved at trial in part through the use of records produced by her law firm in response to the various grand jury subpoenas." (Document No.103, p.3).

The United States seeks severance of these obstruction counts to avoid any possible problems under the Fifth Amendment and the rule enunciated by the United States Supreme Court in *Braswell v. United States*, 487 U.S. 99, 104 (1988) (explaining that a custodian of corporate records, after being compelled to produce them, may not at a subsequent criminal trial have his or her identity

revealed as the party producing the records as custodian, although the act of production may be used to authenticate the records).[1]

Defendant Sprouse does not oppose the Government's motion, and in fact, separately moves to sever several more counts (Counts 28 - 31). She suggests that the "perjury counts would be more appropriately joined with those ...[obstruction] counts." (Document No. 146, p.2). Similarly, Defendant Gee argues that the perjury and obstruction charges against Sprouse "have nothing to do with [him]." (Document No. 100, p.3).

Sprouse points out that the perjury charges arose from her testimony as a defendant at a civil trial that took place from January 29, 2007 to February 2, 2007. She indicates that these offenses are removed in time from the others by several years, that these charges concern only her, and that they are closely connected to the obstruction charges. Defendant Sprouse correctly points out that "since a second trial is contemplated by the Government as to those [obstruction] counts, the joining of the perjury counts would not affect judicial economy." The United States indicates that "even in separate trials, the evidence regarding the alleged perjury would be admissible to show motive and criminal intent." (Document No. 149, p.5). Severance of the obstruction and perjury charges is appropriate in these circumstances.

To the extent that Defendant Gee argues that he should be tried separately, he has not shown that any prejudice to his defense would result from a joint trial. See *United States v. Brooks*, 957 F.2d 1138, 1145 (4th Cir.), *cert. denied*, 505 U.S. 1228 (1992). The charges against him arise from his alleged involvement in a mortgage fraud scheme (the "Flip" scheme) which is the subject of

---

[1]Although the United States indicates in a footnote that it did not request severance of a third charge of obstruction because Defendant Sprouse has allegedly waived her Fifth Amendment privilege regarding that count, that issue is not fully briefed. Given that the obstruction and perjury charges are closely related, they will all be severed.

Counts 1 through 27. All three defendants, including Gee, are charged in Count 1 ("mail, wire, and bank fraud conspiracy"). Co-conspirators are generally tried together. *Zafiro*, 506 U.S. at 538 (observing that "we repeatedly have approved of joint trials"); *United States v. Rusher*, 966 F.2d 868, 877 (4th Cir.1992) (same).

**IT IS THEREFORE ORDERED** that Defendant Gee's "Motion to Sever" (Document No. 100), the "Government's Motion to Sever Counts Against Defendant Sprouse" (Document No. 103), and Defendant Sprouse's "Motion to Sever" (Document No. 146) are:

1) **GRANTED to the following extent:** Counts 28-31 and 32-34 are hereby severed from this case;

2) **DENIED** in all other respects.

**SO ORDERED**.

Signed: February 9, 2009

David C. Keesler
United States Magistrate Judge