IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL CASE NO. 3:07cr211

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs. )<br>)<br>)<br>VICTORIA L. SPROUSE. )<br>) | O R D E R |

**THIS MATTER** is before the Court on the Government's Appeal from and Objections to the Magistrate's Order [Doc. 165], filed February 10, 2009.

By Order entered February 10, 2009, Magistrate Judge David Keesler ruled that Counts 28 through 34 of the Fourth Superseding Bill of Indictment be severed from the remaining charges. [Doc. 163]. The severed counts charge Sprouse with perjury and obstruction of justice. The Government objects to the severance of Counts 28 through 32, but concedes that Counts 33 and 34 were properly severed. Indeed, the Government had previously moved to sever those charges. See, Doc.

1

103, filed October 15, 2008.

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure 59(a) provides in pertinent part:

> A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination. A party may serve and file objections to the order within 10 days after being served with a copy of a written order[.] The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous.

Fed.R.Crim.P. 59(a); *accord*, 28 U.S.C. §636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

## PROCEDURAL HISTORY

The first indictment in this case, filed August 29, 2007, charged one defendant, Michael Pahutski (Pahutski), with three counts: conspiracy to commit wire, bank and mail fraud; conspiracy to money launder; and money laundering. [Doc. 3]. On November 16, 2007, the Government filed a Superseding Bill of Indictment adding Victoria L. Sprouse (Sprouse) as a co-defendant in the conspiracy counts and also adding substantive counts

2

of mail fraud, money laundering, perjury and obstruction of justice against her. [Doc. 10]. Three new charges of making false statements to a bank were added as to Pahutski. [Id.].

On March 20, 2008, the Government filed its Second Superseding Bill of Indictment which named four new defendants and added additional charges. [Doc. 27]. In that version of the indictment, the Government included three counts of perjury and three counts of obstruction of justice against Sprouse. [Id.]. On October 15, 2008, the Government moved to sever two of the three pending counts of obstruction of justice, citing Sprouse's Fifth Amendment right against self-incrimination. [Doc. 103].

On August 12, 2008, the Government filed a Third Superseding Bill of Indictment. [Doc. 88]. In that indictment, the names of three co-defendants were removed because they had entered into plea agreements with the Government and entered guilty pleas.

On November 6, 2008, the Government filed its Fourth Superseding Bill of Indictment. [Doc. 117]. This version contains four counts of perjury and three counts of obstruction of justice against Sprouse. [Id.]. Sprouse moved to sever the perjury counts, apparently assuming that all obstruction counts would be severed on the Government's motion. [Doc. 146]. In

considering that motion, the Magistrate Judge also ruled on the pending motion by the Government to sever two of the three counts of obstruction of justice. The Government now objects to the Magistrate Judge's ruling that all of the perjury and obstruction of justice counts be severed.

## BACKGROUND

The charges in this case stem from mortgage fraud schemes allegedly engaged in by an attorney (Sprouse), a mortgage broker (Pahutski), a real estate investor (Steven Hawfield, charged separately), a real estate appraiser (co-defendant Michael Gee), and builders (among others) to defraud banks lending money in connection with real estate transactions. The time period involved is from 2000 through 2004. According to the Government, the "centerpiece of the Indictment is the Flip Scheme alleged in Counts One through Twenty-Seven against defendants Gee, Sprouse and Pahutski" involving fraudulent mortgages on about 214 residences in Charlotte, North Carolina between January 2001 and September 2002. [Doc. 165, at 2].

Counts 28 through 31 concern Sprouse's testimony as a defendant during a civil trial in January and February of 2007. <u>Southstar Funding,</u>

L.L.C. v. Sprouse, 3:05cv253. In that case, she was sued by one of the allegedly defrauded lenders for fraud and violations of the Racketeer Influenced and Corrupt Organizations Act. On February 2, 2007, the jury returned a verdict against Sprouse in the amount of $150,000.00 for compensatory damages and $1,000,000.00 for punitive damages. [Id.]. In order to prove its causes of action in that case, Southstar Funding, the plaintiff, had to prove that Sprouse was a knowing participant in the alleged schemes and that she improperly accepted down payments from individuals other than the actual purchasers of the real estate. [Doc. 117, at 26].

During Sprouse's testimony at that trial, she was shown checks which had been written to her by Hawfield and in response to questioning, she denied that she accepted down payments from him or any individual other than actual purchasers of real estate. [Doc. 117, at Counts 28 & 29]. She also was shown checks and questioned about the real estate transactions in which those checks were involved. [Id., at Count 30]. In response to questioning, Sprouse denied that she had ever participated in certain illegal real estate transactions known as "flips." [Id.]. Finally, Sprouse was reminded that she had been ordered to produce the real

5

estate closing file for 1433 Jules Court. [Id., at Count 31]. She testified that she had been unable to locate the closing file for that property. [Id.]. Counts 28, 29, 30 and 31 charge Sprouse with perjury as a result of these answers provided during the civil trial.

Count 32 charges Sprouse with obstruction of justice by concealing the real estate closing file for 1433 Jules Court from the plaintiff in the civil action referenced above. [Id.]. It is alleged that in addition to committing perjury by denying that she was able to locate the file, Sprouse actually concealed the file, thus obstructing justice.

In Count 33, it is alleged that during the investigation of this criminal case, the grand jury subpoenaed from Sprouse's law firm all documents relating to real estate transactions involving Pahutski and Hawfield. [Doc. 117, at Count 33]. Sprouse is alleged to have removed documents from those files and to have directed her employees to produce less than the complete files. [Id.]. As a result, she is charged with obstruction of justice in connection with the grand jury subpoenas. In Count 34, she is charged with having destroyed documents from those files in order to obstruct justice in connection with those subpoenas.

# DISCUSSION

The Government concedes that Counts 33 and 34 must be severed to avoid impairing Sprouse's Fifth Amendment right against self-incrimination because in order to prove these two counts, it must prove that Sprouse failed to produce and/or destroyed the documents subpoenaed by the grand jury. Braswell v. United States, 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988). In support of its motion to sever Counts 33 and 34, the Government stated the following:

> In this case, the bulk of the indictment against defendant Sprouse consists of mortgage fraud charges which will be proved at trial in part through the use of records produced by her law firm in response to the various grand jury subpoenas. In order to authenticate those documents, the Government will need to introduce testimony regarding her production of those documents as custodian of records in response to grand jury subpoenas. As Braswell makes clear, this is permissible, though the Government may not identify defendant Sprouse specifically as the custodian making the production. If however, in a trial of those mortgage fraud charges the Government is unable to identify defendant Sprouse as the custodian who produced certain documents and failed to produce other documents, the Government will be unable to prove the obstruction of justice alleged in Courts Thirty[-three] and Thirty[-four].
>
> Accordingly, the only feasible means of proving those specific obstruction charges is to try them separately in a trial not involving the substantive mortgage fraud charges. In a trial of those obstruction charges standing alone, the Government would be entitled to introduce the fact that it was defendant Sprouse who produced or failed to produce certain documents in response to

> the grand jury's subpoena. ... *If the trial of [the other] substantive charges result[s] in a conviction, it may be unnecessary for the Government to try the remaining grand jury obstruction charges against defendant Sprouse.*

[Doc. 103, at 3-4] (emphasis provided).

It is first noted that one of the objections raised by the Government to the Magistrate Judge's ruling is that he incorrectly considered judicial economy. The Government, however, touted judicial economy in support of its motion to sever Counts 33 and 34. [Id. ("If the trial of [the other] substantive charges result[s] in a conviction, it may be unnecessary for the Government to try the remaining grand jury obstruction charges against defendant Sprouse.")]. Moreover, the same reasoning applies to Count 32, another obstruction of justice charge. If the trial of the substantive charges would render it unnecessary to try the grand jury obstruction charges, it would also appear to render it unnecessary to try the civil trial obstruction charge. The same reasoning would likewise apply to the perjury charges.

In the Fourth Superseding Bill of Indictment, the Government has joined the perjury and obstruction charges against Sprouse related to her 2007 conduct with the mortgage fraud charges against all three defendants related to their conduct during 2001 and 2002. As noted, Sprouse moved to sever the perjury counts from the remainder of the indictment.

Defendant Gee moved to sever his trial from that of Sprouse and Pahutski, citing the joinder of these charges. [Doc. 100 at 2].

Federal Rule of Criminal Procedure 8(a) provides that an indictment may charge a defendant in separate counts with more than one offense if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The Government cites <u>United States v. Carmichael</u>, 685 F.2d 903 (4th Cir. 1982), *certiorari denied* 459 U.S. 1202, 103 S.Ct. 1187, 75 L.Ed.2d 434 (1983), for its argument that obstruction of justice and perjury charges are properly joined with conspiracy charges because they are part of the same series of acts or transactions. It is true that the Circuit there held in <u>Carmichael</u> that the obstruction of justice charges against both defendants stemmed from their conduct to conceal the underlying conspiracy and thus were properly joined. The obstruction conduct in <u>Carmichael</u>, however, occurred during the same time period as the conduct involving the conspiracy, not years later. <u>United States v. Winn</u>, 948 F.2d 145, 161 (5th Cir. 1991), *certiorari denied* 503 U.S. 976, 112 S.Ct. 1599, 118 L.Ed.2d 313 (1992) ("Where a substantive count such as perjury is within the scope of the conspiracy charged, as here, then

joinder is proper."). In addition, the obstruction conduct in Carmichael was engaged in by both defendants. Here, only Sprouse has been charged with such conduct.

The Fourth Circuit recently has stated that while the joinder requirements of Rule 8(a) are "very broad," they "'are not infinitely elastic,' and so 'cannot be stretched to cover offenses ... which are discrete and dissimilar and which do not constitute parts of a common scheme or plan.'" United States v. Mackins, 315 F.3d 399, 412-13 (4th Cir. 2003), *certiorari denied* 538 U.S. 1045, 123 S.Ct. 2099, 155 L.Ed.2d 1083 (2003) (citations omitted). In Mackins, the Fourth Circuit held that the joinder of a counterfeit check conspiracy which occurred in 1996 and 1997 with a money laundering conspiracy which took place between 1982 and 1998 was improper because the only connection between the two conspiracies was one defendant, Willie Mackins. Id. The Circuit pointed out that Willie Mackins' involvement with the counterfeit check scheme was not relevant to the involvement of the other defendants in the drug and money laundering conspiracies. Id., at 414. Likewise, here, Sprouse's involvement with the perjury and obstruction charges is not relevant to the substantive charges against Pahutski and Gee for mortgage fraud. While

offenses may be joined when they have a logical relationship, joinder should not occur when "unrelated charges create the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense." United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005), *certiorari denied* 547 U.S. 1061, 126 S.Ct. 1669, 164 L.Ed.2d 408 (2006). That possibility exists here as to Defendants Pahutski and Gee.

Although the Government claims that it is inappropriate to consider the issue of judicial economy, the Fourth Circuit in Mackins took note of that issue.

> [W]e note that the joinder of the counterfeit check counts involving only Willie Mackins with the drug and money laundering conspiracy charged against Mackins *and all other defendants* "offered minimal advantages in terms of judicial efficiency." When, as here, "the offenses [arose] out of separate and unrelated transactions, there is ... little saving in time and money in having a single trial."

Mackins, 315 F.3d at 413 n.7 (emphasis provided). The Court finds the same reasoning applies in this case to the perjury and obstruction charges. It is telling that the Government itself acknowledged the possibility that those charges would not be pursued after the trial of the other charges.

If the indictment charged only Sprouse, joinder of the perjury and

11

obstruction charges would not have been improper. The Government acknowledges, however, that the "centerpiece" of its case consists of the charges against Sprouse, Pahutski and Gee in Counts 1 through 27. Under the reasoning applied in Mackins, joinder of the perjury and obstruction charges with those counts is improper because the only connection between them is Sprouse. Id., Fed.R.Crim.P.8(b) ("The indictment ... may charge 2 or more defendants if they are alleged to have participated in the same act, or transaction, or in the same series of acts or transactions, constituting an offense or offenses."). The Court therefore determines that the counts are misjoined and must be severed.

The determination that the counts were improperly joined and thus, shall be severed, renders moot the consideration of whether the joinder is prejudicial pursuant to Federal Rule of Criminal Procedure 14. Cardwell, 433 F.3d at 387; Mackins, 315 F.3d at 412; United States v. Byram, 73 Fed.Appx. 586 (4th Cir. 2003) (If the district court refuses to grant a misjoinder motion, then it must consider whether joinder although proper resulted in prejudice under Rule 14). Thus, although for slightly different reasons from those supporting the decision of the Magistrate Judge, the Court determines that Counts 28 through 34 of the Fourth Superseding Bill

of Indictment should be severed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Government's Appeal [Doc. 165] from the Magistrate's Order [Doc. 163] is hereby **DISMISSED**, and the Government's Objections to that Order are hereby **OVERRULED**, and the Motion to Sever of Defendant Sprouse [Doc. 146] is hereby **GRANTED** and Counts 28 through 34 of the Fourth Superseding Bill of Indictment are severed for separate trial.

Martin Reidinger
United States District Judge

Signed: February 18, 2009