# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:07cr211

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| VICTORIA L. SPROUSE. ) | |

**THIS MATTER** is before the Court on the Government's Motion for Reconsideration of Defendant Sprouse's Motion to Sever [Doc. 197], and the Defendant's Response and Motion to Continue [Doc. 198].

By Order entered February 19, 2009 [Doc. 170], the undersigned granted the Government's motion to sever Counts 33 and 34 relating to charges against Sprouse of obstruction of justice before the grand jury. By the same Order, the Court granted the Defendant's motion to sever Counts 28 through 32 relating to charges against Sprouse of perjury and obstruction of justice in connection with a civil trial. One reason for the ruling was the potential confusion and prejudice to the other defendants that may result from the joinder of the perjury and obstruction of justice

charges relating solely to Defendant Sprouse.

Since that ruling, Sprouse's two co-defendants have changed their pleas from not guilty to guilty and Sprouse is now the only defendant remaining for trial. As a result, the Government seeks to place the perjury and obstruction charges contained within Counts 28 through 32 before the jury for trial. The Government does not ask the Court to revisit its ruling that the obstruction charges in Counts 33 and 34 should be severed.

Defense counsel object, noting that less than two weeks remain before trial and advising that they will be unprepared to try these additional counts. Defense counsel alternatively move to continue the entire case from its peremptory setting of March 23, 2009 in the event that the Court does join these counts for trial.

Since Defendant Sprouse is the only defendant remaining for trial, it would not be inappropriate to join these perjury and obstruction counts for trial since these charges relate to the underlying mortgage fraud counts. At this late date, however, it would be unfair to expect defense counsel to prepare for these counts in the time remaining before trial. The allegations relating to these counts involve a civil trial which occurred in January and February 2007, well after the time of the charges in the indictment. Although the alleged perjury and obstruction occurred in the context of the

underlying charges, pre-trial preparation would require interviews of witnesses and review of discovery. While the Government is correct that Defendant Sprouse will still have to prepare for the possibility of some of the evidence related to these counts being presented at trial under either Rule 404(b) or Rule 608, such preparation would appear to be substantially different from actually defending those counts. Moreover, the Government's claims of judicial economy are not persuasive since the remaining two charges in Counts 33 and 34 will nonetheless be tried in a separate case. As a result, the Court will deny the motion.

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Reconsideration of Defendant Sprouse's Motion to Sever [Doc. 197] is hereby **DENIED**. In light of the denial of the Government's Motion for Reconsideration, the basis for Defendant's alternative motion to continue has not been realized, and therefore the Motion to Continue [Doc. 198] is **DENIED**.

Signed: March 13, 2009

Martin Reidinger
United States District Judge