**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL CASE NO. 3:07cr211**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **VICTORIA L. SPROUSE.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion *in Limine* [Doc. 212], filed March 19, 2009, which actually contains a series of motions.

The first request is to exclude the words "flip," "false," and "scheme" from a summary chart which the Government proposes to use in connection with the testimony of one of the investigating agents. The Government's response discloses that the parties have resolved this matter.

The second request relates to the severed counts in which Sprouse has been charged with perjury and obstruction of justice. No evidence that Sprouse has been indicted with those charges, or their severance from this

trial, may be introduced or attempted to be introduced. To the extent that the Government may attempt to introduce evidence of the conduct at issue, the Court cannot render a ruling until the evidence is sought to be introduced.

No evidence may be introduced relating to state bar proceedings or charges brought against Sprouse. Likewise, testimony concerning whether she violated the Rules of Professional conduct is not admissible. To the extent the Government seeks to use an expert in real estate law, that expert may testify as to the ethical and professional standards applicable to a real estate attorney but he or she may not offer an opinion as to the ultimate issue. That is, among other ultimate issues, the expert may not testify that the Defendant violated an ethical or professional duty or committed any crime with which she stands charged. Even if such testimony would otherwise be admissible, the Court finds that such opinion would be so close to testimony of an opinion that the Defendant is guilty of a crime with which she is charged (honest services fraud) that any probative value is substantially outweighed by the unfair prejudice to the Defendant and potential confusion of the jury arising from such testimony.

The parties have agreed that pleadings in a separate civil matter will not be introduced. In the event that the Defendant testifies and the

Government seeks to use a transcript from that trial on cross-examination, the Court will rule on the use of that document at the time use or introduction is sought. The parties have also agreed to redact offending portions of a statement from a government witness.

The parties have agreed that the Government will not argue or present evidence that nBank failed solely because of the Defendant's conduct. To the extent that the Government seeks to introduce evidence of other victim impact, the Court cannot make a ruling until such evidence is offered.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion *in Limine* [Doc. 212] is hereby **DENIED** without prejudice to renewal during trial.

Martin Reidinger
United States District Judge

Signed: March 20, 2009