IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL CASE NO. 3:07cr211-2

UNITED STATES OF AMERICA, )
)
)
vs. )   **O R D E R**
)
)
VICTORIA L. SPROUSE. )
)

**THIS MATTER** is before the Court on the Government's Motion for Money Judgment [Doc. 240, filed April 14, 2009], the Defendant's Response to Government's Motion for Money Judgment [Doc. 245, filed April 27, 2009], and the Government's Reply in Opposition to "Defendant's Response to Government's Motion for Money Judgment" [Doc 248, filed May 4, 2009].

On April 1, 2009, the Defendant was found guilty of conspiracy to commit mail, wire, and bank fraud and to make false statements to banks, in violation of 18 U.S.C. §371.[1] [Doc. 236]. After the jury verdict, the

---

[1] She was also found guilty on other counts but the Government seeks forfeiture only in connection with Count One.

parties advised the Court that neither side desired a jury trial in connection with the forfeiture count of the Fourth Superseding Bill of Indictment. The Government specifically advised the Court that it would rely on the evidence presented during the trial of the criminal charges as to the issue of forfeiture. The Defendant agreed that the forfeiture issue could be determined by the Court without a jury.

The Government thereafter filed its Motion for Money Judgment [Doc. 240] seeking such judgment against the Defendant in the amount of $5,458,328. This sum, the Government contends, represents the proceeds the Defendant received in her trust account when she conducted real estate closings on the 200 properties involved in the conspiracy. The Government no longer seeks an order of forfeiture as to specific assets, but only seeks a personal money judgment representing proceeds.

The Defendant responded to the Government's Motion by asking that the Court defer the entry of any money judgment to the time of sentencing in order to allow the Defendant to present evidence in mitigation of the Defendant's liability. It appears that the Defendant concedes that some amount of money judgment is proper but not the amount sought by the Government, and the Defendant seeks a hearing on the issue of the amount.

The Government argues in reply that the Defendant's request for a hearing is, in substance, an improper "motion to stay" entry of forfeiture. The Government now maintains that a personal money judgment must be entered immediately, arguing that the law of forfeiture does not authorize a stay. The Government's desire for prompt disposition appears to be related to the fact that the Defendant filed a Chapter 11 bankruptcy petition on March 16, 2009, about two weeks before the jury verdict. The Government is insistent that the Court must enter a personal money judgment in the amount of $5,458,328 and "upon future motion of the United States, issue a preliminary order forfeiting specific assets so that the Court may begin the lengthy process of adjudicating complex third party interests." [Doc. 248, at 5].

Notwithstanding the Government's interpretation of the Defendant's Response as a motion for stay, the Court construes the Response simply as a motion for hearing, which will be granted.

The Court is disinclined to rule on the issue of forfeiture by entry of a personal money judgment when the Defendant has requested a hearing. See, Fed.R.Crim.P. 32.2(b)(1) ("If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay. The court's determination may be based

on evidence already in the record ... or, *if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict* ... of guilt.") (emphasis provided).  This is particularly true in the situation presented herein.  At the time the Defendant agreed to waive a jury on the forfeiture issue the Government had not yet filed its Motion for Money Judgment.  The Court also notes that the Defendant has changed attorneys, with her new counsel having made his appearance within the past few days.  The Court will set the hearing at such time as to allow new counsel the opportunity to prepare.

Since a hearing will be held in this matter, the Court desires for the parties to address certain issues in advance of the hearing in order to facilitate the expeditious disposition of the forfeiture issues.  The Court directs the parties to file briefs, citing to the appropriate legal authorities, addressing the following questions:

1. Is the Government seeking a money judgment under the authority of 21 U.S.C. §853(p) and 18 U.S.C. §982, or under some other authority?  If under some other authority, please identify what that authority is.

2. Does receipt of funds in the attorney trust account of the Defendant's law firm constitute receipt by the Defendant for the purpose of identifying such deposited funds as "proceeds"?

3. What effect, if any, does the jury's acquittal of the Defendant on Count 2 have on the amount recoverable in a money judgment for forfeiture?

4. If a money judgment is entered in this case against the Defendant, is liability on the judgment joint and several between the Defendant and other Defendants (or Defendants in other indictments)? If yes, does the joint and several nature of the liability on the judgment need to be expressed in the money judgment? Who are the other Defendants who would be jointly and severally liable, and in what amounts?

5. What effect, if any, does the filing of a bankruptcy petition by the Defendant (prior to conviction) have upon the criminal forfeiture proceeding?

The parties shall file each a brief with the Court regarding these questions on or before June 15, 2009, and may reply to their opponent's brief on or before June 22, 2009. The briefs shall not exceed ten pages in length and the reply briefs shall not exceed five pages in length. All filings shall be in fourteen point type.

**IT IS, THEREFORE, ORDERED** that the Defendant's Response to Government's Motion for Money Judgment [Doc. 245] is hereby construed as a motion for a hearing and as so construed, it is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall file the briefs as identified above on the schedule set forth above.

Signed: May 22, 2009

Martin Reidinger
United States District Judge