# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:07cr211-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| VICTORIA L. SPROUSE. ) | |

**THIS MATTER** is before the Court on the following motions submitted by Lisa Costner, the Defendant's court-appointed counsel[1]:

1. The Motion for Interim Payment of Expert Fees [Doc. 272];

2. The Motion for Additional Funds for an Investigator [Doc. 273];

3. The Motion for Additional Funds for an Expert in Real Estate Law [Doc. 274]; and

4. The Motion for Witness Fees [Doc. 275].

---

[1] Ms. Costner was relieved of representation after trial.

1

**The private investigator.**

On March 9, 2009, the Court approved Kenneth Whapham of KW Investigtions, L.L.C. as a private investigator. [Doc. 195, at 9]. Specifically, the Court made the following ruling:

> Upon submission by Kenneth Whapham and/or Lisa Costner of the appropriate documents as required by the Civil Justice Reform Act and local Guidelines, the Court will approve the sum of $1,600.00 representing 29 hours of reasonable services at an hourly rate of $55.00.
>
> [T]he Court certifies an additional 61 hours of reasonable services at an hourly rate of $55.00 is necessary to provide fair compensation for services of an unusual character or duration. Upon submission by Kenneth Whapham and/or Lisa Costner of the appropriate documents as required by the Civil Justice Reform Act and local Guidelines, the Court will submit the same for approval by the Chief Judge of the United States Fourth Circuit Court of Appeals.

[Id., at 14].

The appropriate documents have not been submitted by either Whapham or Costner. This motion for an interim payment is actually unnecessary since payment was previously approved if counsel supplied the appropriate documentation.

Counsel has also moved for additional funds to support another 58 hours of services provided by a private investigator. Counsel seeks funds for William Shafer, an employee of Mr. Whapham who was not approved

2

as a private investigator. No reasons is provided for using Mr. Shafer. Counsel also states that she used Mr. Whapham in the role of a paralegal "for the coordination of witnesses." [Doc. 273, at 2]. No explanation is provided as to why a member of counsel's staff could not have provided those services. Absent detailed explanation, the Court will not approve the additional funds for 58 hours of services.

In order to clarify any possible misunderstanding, the Court will approve the request for an interim payment of expert fees which have been previously approved; that is, a total of 90 hours. Counsel should submit vouchers pursuant to form CJA-21.

**The real estate expert.**

On March 9, 2009, the Court approved the appointment of Ronald Short as an expert in real estate law and the sum of $1,600.00 for 7.1 hours of services at the hourly rate of $225.00. [Doc. 195, at 12]. The Court also certified as necessary an additional 33.9 hours of services at the hourly rate of $225.00. [Id.]. As is the case with the private investigator, the appropriate documentation has not been submitted.

In the first motion, counsel requested the approval of time in excess

3

of 41 hours. The Court declined to approve additional time absent a statement of the amount which would be necessary. Counsel now discloses that Mr. Short expended an additional 25.7 hours, although Mr. Short's statement of time expended shows that he actually spent an additional 24.9 hours on the case. The Court certifies that the additional 24.9 hours of services were necessary to provide fair compensation for services of an unusual character and duration. Upon submission of the proper forms, the Court will submit the amount of these services for approval by the Chief Judge of the Circuit.

**Witness fees.**

Counsel seeks reimbursement for mileage and a meal for one witness and air fare for a second witness. The record does not reflect that counsel obtained subpoenas for the these witnesses. If such a subpoena had been obtained, the United States Marshal would have provided air fare for the second witness. Counsel is advised to consult with the Federal Defenders' of Western North Carolina on these issues.

# ORDER

**IT IS, THEREFORE, ORDERED** as follows:

1. The Motion for Interim Payment of Expert Fees [Doc. 272] is granted as follows:

   (a) Upon submission by Kenneth Whapham and/or Lisa Costner of the appropriate documents as required by the Civil Justice Reform Act and local Guidelines, the Court will approve the sum of $1,600.00 representing 29 hours of reasonable services at an hourly rate of $55.00.

   (b) The Court certifies an additional 61 hours of reasonable services at an hourly rate of $55.00 was necessary to provide fair compensation for services of an unusual character or duration. Upon submission by Kenneth Whapham and/or Lisa Costner of the appropriate documents as required by the Civil Justice Reform Act and local Guidelines, the Court will submit the same for approval by the Chief Judge of the United States Fourth Circuit Court of Appeals.

   (c) Upon submission by Ronald J. Short and/or Lisa Costner of the appropriate documents as required by the Civil Justice Reform

Act and local Guidelines, the Court will approve the sum of $1,600.00 representing 7.1 hours of reasonable services at an hourly rate of $225.00.

(d) The Court certifies an additional 33.9 hours of reasonable services at an hourly rate of $225.00 was necessary to provide fair compensation for services of an unusual character or duration. Upon submission by Ronald J. Short and/or Lisa Costner of the appropriate documents as required by the Civil Justice Reform Act and local Guidelines, the Court will submit the same for approval by the Chief Judge of the United States Fourth Circuit Court of Appeals.

2. The Motion for Additional Funds for an Investigator [Doc. 273] is **DENIED** without prejudice;

3. The Motion for Additional Funds for an Expert in Real Estate Law [Doc. 274] is **GRANTED.** The Court certifies an additional 24.9 hours of reasonable services at an hourly rate of $225.00 was necessary to provide fair compensation for services of an unusual character or duration. Upon submission by Ronald J. Short and/or Lisa Costner of the appropriate documents as required by the Civil Justice Reform

Act and local Guidelines, the Court will submit the same for approval by the Chief Judge of the United States Fourth Circuit Court of Appeals.

4. The Motion for Witness Fees [Doc. 275] is **DENIED** without prejudice.

Signed: October 21, 2009

Martin Reidinger
United States District Judge