# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:07cr211

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| **VICTORIA L. SPROUSE.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the filing of the CJA-20 Voucher for Claim for Services and Expenses filed by the Defendant's prior appointed attorney, Lisa S. Costner.

The Voucher presents as issue pertaining to 21.2 hours expended by attorney Costner for what is identified in the Voucher as time spent "convert[ing] discovery on CD to PDF for printer." Upon inquiry to counsel, the Court has been informed that this was time spent by the attorney conducting a clerical task of converting the computer format of the documents produced electronically in discovery so that counsel could print the documents for trial preparation. Counsel advises that she did not have adequate staff to make these document conversions and that time was so short between her appointment as counsel for the Defendant and the

scheduled trial of this matter than she did not have the opportunity to hire technical or temporary clerical personnel to do this work.  Counsel forthrightly admits that the time was not expended in providing legal services, but in counsel stepping into the breach to do herself the non-legal task that she had been unable to have anyone else do.

    Because of the clerical nature of the tasks as issue, they would fall within the category of general office overhead rather than legal services, and thus generally would not be compensable, even though they were completed by counsel. <u>Guide to Judiciary Policies and Procedures</u>, Vol. VII, ch.2 at ¶2.28.A.  Such non-legal services, however, "if otherwise eligible, may be considered 'other services necessary for and adequate defense' under 18 U.S.C. §3006A(e) and be paid accordingly."  Decision of the Comptroller General, B-139703, 53 Comp. Gen. 638, 1974 WL 8626.  This also applies when such non-legal services pertain to assistance related to computer hardware or software.  <u>Guide to Judiciary Policies and Procedures</u>, Vol. VII, ch.3 at ¶3.16.

    In the present case, counsel spent 21.2 hours converting the computer format of the documents produced electronically in discovery so that counsel could print the documents for trial preparation.  The Court finds that this work may be considered services necessary for adequate

representation of this case.  See 18 U.S.C. § 3006A(e)(1).  Counsel, however, failed to seek prior court approval for this claim.  Where the cost of such services exceeds $500 and prior authorization is not obtained, the Court may approve the payment of such services only upon finding that the "timely procurement of necessary services could not await prior authorization."  18 U.S.C. § 3006A(e)(2)(B).  Counsel has failed to show that the timely accomplishment of this computer-related task could not await prior Court approval.  Accordingly, counsel's claim in excess of $500 will be denied.

For these reasons, the 21.2 hours in question expended by attorney Costner may not be compensated at the (then applicable) statutory rate of $100.00 per hour, but may be reimbursed at the rate of $500.00 for the full 21.2 hours.  Accordingly, the amount sought pursuant to the Voucher must be reduced by a net of $1,620.00 ($2,120.00 less $500.00).

**IT IS SO ORDERED.**

Signed: January 28, 2010

Martin Reidinger
United States District Judge