# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:07cr211-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| VICTORIA L. SPROUSE. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Bifurcate and Continue [Doc. 328].

By text order entered May 28, 2010, the parties were notified that the motion to continue was granted and that a written order would follow. Having considered the Defendant's request that the sentencing hearing be bifurcated and that expert witnesses be allowed, the Court enters its decision.

On April 13, 2010, the Probation Office filed the draft presentence report which was twenty-five pages in length. [Doc. 311]. On April 29, 2010, the Government filed eleven pages of objections, including a spreadsheet related to loss. [Doc. 315]. On May 6, 2010, the Government amended those objections and filed an additional loss calculation spreadsheet. [Doc. 317].

The Defendant's objections, which were filed on May 7, 2010, were sixty-one pages long. [Doc. 319]. Included in the objections was a discussion in support of a downward departure and a variance. [Id.]. The Government filed a six page response three days later. [Doc. 321]. On May 24, 2010, however, the Government filed an amended response to the Defendant's objections which was thirty pages long and which contained an additional fourteen pages of exhibits. [Doc. 325]. Meanwhile, the Probation Office filed the final report and sentencing recommendation. [Doc. 323, Doc. 324]. On May 26, 2010, the Government filed a twenty-six page sentencing memorandum to which were attached eighteen pages of exhibits. [Doc. 326].

The Court finds that the parties have more than adequately preserved the record of issues and objections for sentencing. No additional filings related to sentencing may be made absent prior permission from the Court, permission which should not be lightly sought. The request for bifurcation is rejected as unnecessary as is the request for written findings concerning the guidelines range, loss, and objections to the presentence report.

The Defendant also states that she intends to call two expert witnesses at the sentencing hearing. The Government does not object to the use of experts but states that no additional time should be given for the preparation of expert witnesses.

Defense counsel advise they intend to call Herbert Hoelter as a sentencing expert within the federal system to provide an analysis of how the proposed guideline sentence for this Defendant compares to sentences imposed on similarly situated defendants. Provided that the Defendant properly qualifies this witness as an expert, the Court would allow his testimony at the sentencing hearing. Counsel are advised to prepare this testimony such that direct examination will be completed in thirty minutes and that cross examination will be completed in thirty minutes. If counsel believe that these time limitations are too stringent, counsel may apply to the Court in advance of the hearing for additional time citing the reasons why such testimony cannot be presented within these parameters.

The second expert, Douglas Berman, is offered to "provide invaluable assistance to the Court in exercising its sentencing discretion, and providing necessary legal background on federal sentencing guidelines in fraud cases involving complex facts and high-losses." [Doc. 328, at 6]. Counsel assures the Court that Mr. Berman "will not seek in any way to invade the province of the Court in making its individualized sentencing determination" but instead "will assist the Court in exercising its sentencing responsibilities[.]" The Court does not find that Mr. Berman, based on this forecast, could be qualified as an expert witness and does not find that his testimony would be helpful to the

Court.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Bifurcate and Continue [Doc. 328] is hereby **DENIED** as to the motion to bifurcate.

**IT IS FURTHER ORDERED** that the sentencing hearing is scheduled for Thursday, August 26, 2010.

Signed: July 16, 2010

Martin Reidinger
United States District Judge